## IN THE COURT OF APPEALS OF IOWA

No. 20-0768
Filed August 19, 2020

**IN THE INTEREST OF B.T.,**
**Minor Child,**

**A.K., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III,

District Associate Judge.


　　A mother appeals the termination of her parental rights.  **AFFIRMED.**


　　Jessica R. Noll of Deck Law PLC, Sioux City, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

　　Meret Thali, Sioux City, attorney and guardian ad litem for minor child.


　　Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

A mother appeals from the termination of her parental rights to her child, B.T.[1]  She claims (1) the State failed to establish statutory grounds authorizing termination and (2) termination is not in B.T.'s best interest.  We affirm.

We review termination proceedings de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

We generally use a three-step analysis to review the termination of parents' rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.  "However, if a parent does not challenge a step in our analysis, we need not address it."  *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

We start with the statutory grounds authorizing termination.  The juvenile court found grounds for termination under Iowa Code section 232.116(1)(b), (d), (e), (h), (i), and (*l*) (2020).  When, as here, the juvenile court terminates on multiple statutory grounds, we may affirm on any ground supported by the record.  *See In*

---

[1] The juvenile court also terminated the father's parental rights, but he does not appeal.

*re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on section 232.116(1)(h). It authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only challenges the fourth element. It is satisfied when the State establishes the child cannot be safely returned to the parent at the time of the termination hearing. *In re. T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

On appeal, the State highlights the mother's apparent concession at the termination hearing that the child could not return to her care. The mother suggested B.T. could be returned to her in six months' time.

Even if we disregard the mother's apparent concession, though, we would still conclude the State has met its burden. The mother failed to consistently attend visitation. She tested positive for methamphetamine during this case and never completed substance-abuse treatment. She also never completed a mental-health evaluation, although the juvenile court ordered her to. The mother is unemployed and continues to live with her mother and her mother's boyfriend. He is on the sex-offender registry.

So B.T. could not have been safely returned to the mother's care. This step in our analysis satisfied.[2]

Our next step centers on the child's best interest. *See* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Like the juvenile court, we conclude termination is in the child's best interest. As explained, the mother has unresolved substance-abuse issues. She does not have a stable home. And she does not have a job. Considering the mother's history of instability, we are not confident she will be able to adequately meet the child's needs in the future. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). The second step in our analysis is complete.

Finally, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing

---

[2] The mother does not squarely challenge the reasonable-efforts mandate. But in her recitation of relevant facts, she implies she did not receive the services necessary to facilitate reunification. To the extent she attempts to challenge the reasonable-efforts mandate, we find her argument not sufficiently developed for appellate review. *See In re K.M.*, No. 19-1637, 2020 WL 110408, at *3 n.6 (Iowa Ct. App. Jan. 9, 2020); *In re O.B.*, No. 18-1971, 2019 WL 1294456, at *2 (Iowa Ct. App. Mar. 20, 2019).

a section 232.116(3) exception rests with the parent. *See A.S.,* 906 N.W.2d at 476.

As part of her best-interest argument, the mother refers to section 232.116(3) and emphasizes her "very strong connection and bond" with B.T. From this, we infer the mother is relying on section 232.116(3)(c). It authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

We decline to apply section 232.116(3)(c). By the time of the termination hearing, B.T. was a little over thirteen months old. And he had already spent almost ten months out of the mother's care. So we think the mother has overstated her bond with B.T. And any lingering bond between them does not outweigh B.T.'s pressing, imperative need for a safe and stable home.

The juvenile court was right. We affirm.

**AFFIRMED.**